MICHAEL R. DUFOUR, ESQ. (State Bar. No. 290981)
**SOUTHWEST LEGAL GROUP**
22440 CLARENDON STREET, SUITE 200
WOODLAND HILLS, CA 91367
TELEPHONE: (818) 591-4300
FACSIMILE: (818) 591-4315
mdufour@swlegalgrp.com

BRYANT FITTS, ESQ. Texas Bar No. 24040904 *(Pro hac vice admission will be requested)*
**FITTS LAW FIRM, PLLC**
2700 POST OAK BLVD., STE. 1120
HOUSTON, TX 77056
TELEPHONE: (713) 871-1670
FACSIMILE: (713) 583-1492

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ISIDRO PENA,<br><br>　　*Plaintiff*,<br><br>v.<br><br>TIME WARNER CABLE INC.,<br><br>　　*Defendant* | Case No. 5:16-cv-108<br><br>**PLAINTIFF'S ORIGINAL COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227,** *et seq.*<br><br>Date: January 20, 2016 |

　　ISIDRO PENA ("Plaintiff"), brings this action against Defendant TIME WARNER CABLE INC. ("Defendant"), and alleges, upon personal knowledge as to his own conduct, and upon information and belief as to the conduct of others, as follows:

**INTRODUCTION**

　　1.　　Defendant operate a global television cable company. In an effort to solicit potential customers, Defendant, or someone on Defendant's behalf, began making telephone calls, *en masse*, to consumers across the country.

　　2.　　Defendant conducted (and continues to conduct) wide scale telemarketing campaigns and repeatedly made unsolicited calls to consumers' telephones without consent, all in violation of the TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 (the "TCPA").

　　3.　　By making the telephone calls at issue in this Complaint, Defendant caused Plaintiff

1  actual harm, including the aggravation, nuisance, and invasion of privacy that necessarily
2  accompanies the receipt of unsolicited and harassing telephone calls, as well as the monies paid to
3  his carriers for the receipt of such telephone calls.

4      4.    Congress enacted the TCPA to protect consumers from unsolicited telephone calls
5  exactly like those alleged in this case. In response to Defendant's unlawful conduct, Plaintiff files
6  the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited telephone
7  calling activities to his cellular telephones and an award of statutory damages under the TCPA
8  equal to $500.00 per violation, together with court costs, reasonable attorneys' fees, and treble
9  damages (for knowing and/or willful violations).

**JURISDICTION & VENUE**

11      5.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action
12  arises under the TCPA, which is a federal statute.

13      6.    The Court has personal jurisdiction over Defendant because it conducts significant
14  business in this District, and the unlawful conduct alleged in this Complaint occurred in, was
15  directed to, and/or emanated from this District.

16      7.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the
17  wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this
18  District.

19      8.    Defendant is subject to specific personal jurisdiction in this District because it has
20  continuous and systematic contacts with this District through its telemarketing efforts that target
21  this District, and the exercise of personal jurisdiction over Defendant in this District does not offend
22  traditional notions of fair play or substantial justice.

**PARTIES**

24      9.    Plaintiff ISIDRO PENA is a citizen of the State of California who resides in Corona,
25  Riverside County, California.

26      10.    Defendant TIME WARNER CABLE INC. is a corporation organized under the laws of
27  the State of Delaware. Defendant maintains its principal office at 60 Columbus Circle, New York,
28  New York 10023. Defendant may be served with process by serving its registered agent, C T

Corporation System, 818 West 7th Street, Los Angeles, CA 90017.

11. Whenever in this complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## LEGAL BASIS FOR THE CLAIMS

12. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices. The TCPA prohibits using an automatic telephone dialing system or an artificial or prerecorded message to call or text any wireless telephone number without the required consent of the call recipient. *See* 47 U.S.C. §227(b)(1)(A). In particular, the TCPA prohibits such calls "to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other common carrier service, or any service for which the called party is charged." 47 U.S.C. §227(b)(1)(A)(iii).

13. Effective October 16, 2013, calls or texts to cell phones which introduce an advertisement, or constitute telemarketing, sent using an automated telephone dialing system ("ATDS") are allowed only with the prior express written signed consent of the recipient.[1] Notably, the called party may revoke consent at any time, and liability will be imposed on the caller thereafter. Telemarketing calls include live or prerecorded calls placed with a predictive dialer and text messages to consumers and businesses. Furthermore, because express written consent is required, the onus is on TWC to prove from its records it acquired said consent from Plaintiff.

14. On July 10, 2015, the FCC issued an order clarifying that a calling party is subjected to TCPA liability if it places more than one call to the wrong party, or to a correctly dialed but reassigned number. *Rules and Regulations Implementing the Telephone Consumer Protection Act*

---

[1] Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered. 47 C.F.R. § 64.1200(f)(8).

*of 1991*, CG Docket No. 02-278, 30 F.C.C.R. 7961 (July 10, 2015). A caller is deemed to have constructive knowledge of the misdialed or reassigned number after placing only one call. Thus, a caller is liable under the TCPA for calling the wrong number more than once.

15. Furthermore, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration*, 23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748 (Dec. 31, 2012).

16. Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

## FACTUAL BACKGROUND AS TO PLAINTIFF

17. Throughout the year 2015, Defendant contacted Plaintiff on his cellular telephone number ending in 1154 *via* ATDS, as defined by 47 U.S.C. § 227(a)(1), in excess of 100 times without first obtaining Plaintiff's written consent.

18. Plaintiff's caller ID read "800-892-2253" as the call was incoming. This number is assigned to Defendant.

19. Plaintiff was able to answer many of the calls on many occasions and interact with Defendant's dialing system and call representatives.

20. When Plaintiff answered the phone, he experienced silence for several seconds before he could hear the call being routed to a call center representative.

21. Defendant's representatives always announced they were calling for another party about a delinquent account.

22. Plaintiff always interrupted Defendant's representative and told the representative Defendant had the incorrect phone number. To the extent Plaintiff ever consented to the calls, he revoked such consent but the calls continued.

23. Despite Plaintiff's reasonable requests, Defendant called his cell phone in excess of 100 times over the span of a year.

24. Plaintiff's experience with Defendant and Defendant's representatives was nearly identical in every call he answered.

25. At the time of the calls, Plaintiff did not have a business relationship with Defendant, nor did Plaintiff seek out information or request a call from Defendant.

26. Plaintiff was annoyed by the calls and wanted Defendant to stop calling. The calls invaded his privacy and caused him to lose time on his cellular plan.

27. On information and belief, Defendant's automated system had called Plaintiff on every occasion.

28. Based on the circumstances of the calls – including but not limited to the multiple calls over a year, Plaintiff never spoke to the same representative, and Defendant called despite Plaintiff's requests to Defendant to stop calling (indicating a computer automatically dialed the number again) – Plaintiff believed Defendant called his cellular telephone using an ATDS that automatically selected his number from a computer database.

29. On information and belief, Defendant's ATDS called Plaintiff on every occasion.

30. On information and belief, and based on the circumstances of the all the calls, Defendant called Plaintiff using an ATDS.

31. Plaintiff understood the purpose of Defendant's calls was to collect payment from a party other than Plaintiff.

32. The telephone number Defendant's called was assigned to a cellular telephone.

33. Plaintiff is the regular carrier and exclusive user of the cellular telephone assigned the number ending in 1154.

34. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1(A)(i).

35. Plaintiff did not provide Defendant with prior express written consent to receive calls to his cellular telephone utilizing an ATDS or artificial or pre-recorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A) and 47 C.F.R. § 64.1200(a)(3).

36. All calls Defendant made to Plaintiff violate 47 U.S.C. § 227(b)(1).

37. Plaintiff seeks an injunction requiring Defendant to cease all wireless telemarketing and spam activities and an award of statutory damages, together with costs and reasonable attorneys' fees.

## FIRST CAUSE OF ACTION

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227

38. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though set forth at length herein.

39. Defendant made unsolicited and unauthorized calls using an ATDS or pre-recorded voice to Plaintiff's cellular telephone for the purpose of marketing products and/or services to Plaintiff.

40. Defendant made the calls without prior express written consent of the Plaintiff and Class Members.

41. To the extent Plaintiff ever provided consent, he unequivocally revoked such consent.

42. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

43. As a result of Defendant's violations of 47 U.S.C. § 227, *et. seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

44. Because Defendant had knowledge that Plaintiff did not consent to the receipt of the aforementioned telephone solicitations, the Court should, pursuant to 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and Class Members.

45. Plaintiff and the Class Members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**JURY DEMAND**

46. Plaintiff demands a jury trial on all issues triable to a jury.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for the following relief:

a. An award of actual and statutory damages for each and every negligent violation pursuant to 47 U.S.C. § 227(b)(3)(B);

b. An award of actual and statutory damages for each and every knowing and/or willful violation pursuant to 47 U.S.C § 227(b)(3)(B);

c. Injunctive relief prohibiting Defendant's conduct complained of herein, pursuant to 47 U.S.C. § 227(b)(3)(A);

d. Pre-judgment and post-judgment interest on monetary relief;

e. An award of reasonable attorneys' fees and court costs in this action;

f. All other and further relief as the Court deems necessary, just, and proper.

Respectfully Submitted,

| **THE FITTS LAW FIRM** | **SOUTHWEST LEGAL GROUP** |
|---|---|
| By: /s/ Bryant Fitts<br>Bryant Fitts, Esq.<br>Attorney for Plaintiff<br>Texas Bar No. 24040904<br>bifitts@fittslawfirm.com | By: /s/ *Michael R. Dufour*<br>Michael R. Dufour, Esq.<br>*Attorney-in-Charge*<br>California Bar No. 290891<br>mdufour@swlegalgrp.com |

ATTORNEYS FOR PLAINTIFF
*(Pro Hac Vice Admission will be requested)*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28